Thank you for letting us have oral argument. The issues today are what is the effect of conversion of this case from a chapter 11 to a chapter 13 and as the court directed us to look earlier this week at the Fickling case, 361 Fed 3rd 172, there are certainly lots of similarities between this case and the case before in the Fickling case. The first one involving a question of converting this case from a chapter 11 having some post petition administrative claims allowed in the chapter 11 case which were subsequently not allowed in the converted case. The Fickling case also went on to discuss the issue of whether or not there was any statutes that had conflicted somehow or whether or not the ruling of this court in the Fickling case would somehow because some harm to 1305, the which is applicable only to chapter 13 cases and has not been amended since that time. We also find in the Fickling case, your honor, that the case looks as we believe to the date when the new order for relief is started and that's the date that complies with 348 which is the date that the case is converted. Thereafter, your honor, we think Judge Holloway of the Fickling case, it would be easy to look to 1305 as this was a chapter 13 case and the government voluntarily filed a proof of claim under 1305 and once they did that, your honor, it is our argument that 1305 now controls. If 1305 now controls only chapter 13 proceedings just as 727 in the Fickling case controlled this case, then it would be logical to look to the Wright case and to the Sorge case and the other cases that we have cited which all indicate that no administrative claim status is granted to the government once they make that election. And that, your honor, is the gist of our argument this morning. Judge Folleman, let me interrupt you with a question. If we adopt the Fowler view of the law, wouldn't the effect be to declare that all post-petition consumer debt claims would be governed by section 1305 and treated as pre-petition for purposes of priority status? In chapter 13 cases, Judge, we believe that is the law and that's what Judge Holloway also found. The real issue is this is a chapter 13 case. Chapter 7s are treated differently. Chapter 11s are treated differently. Chapter 12 farm bankruptcies are different. But Congress, when they enacted 1305, Judge, specifically wanted to deal with plans where wage earners' future income was dedicated to repayment of debt. They also wanted to provide, however, a safeguard for the IRS and others who, after the 13 was filed or prior to conversion, if the debtor incurred additional debt, then the IRS or the claimant could make an election as to whether or not they wanted to file a claim and participate in the chapter 13 estate for payment purposes, knowing that their claim would be treated as a priority claim, not as an administrative claim. And yes, Judge, they would probably lose interest in that or they could elect Judge to wait until after that 13 case was over and then pursue the debtor for the full extent of the law for any interest, penalties, and principles that they might. But what Congress was trying to do, Judge, is give the claimant an opportunity to select which avenue he wanted to go. So we think, Your Honor, the answer is Congress specifically intended to do this for 13s. And yes, Judge, that would be the effect, we think, of a favorable ruling today. What, then, is left of 348D? Well, I think Powell was of the opinion that 348D applies to Chapter 7s. It may apply to – it applies to a variety of things. Well, it doesn't say, you know, except for Chapter 13. No, in fact, Judge, 348B specifically says, unless the court per cause orders otherwise – Well, yes, but the court didn't here make any such order. Because the IRS didn't request any such order. And therefore, 1301 and 1305, as set forth in the statute – No, no, no, no, no. Wait a minute. It doesn't make a difference who requested the order. I assume you would want it requested. My question is that 348D plainly states on its face that a claim that arises after the order for relief in the Chapter 11, but before conversion to Chapter 13, is treated, for all purposes, as if it had arisen before the date of filing the petition, except for a claim for taxes incurred by the estate. So, what happens to that on your theory? Judge, I don't – in all due respect, I'm not sure I come to the same conclusion. Would I read 348B and D to say, due order for relief in order to – I'm sorry, you broke up a bit. Would you just say that again? I said, in all due respect, I'm not sure I agree that that's what 348B and D say. I think the effect of 348B and D, and it specifically refers to 1301A, 1305A, due order for relief is granted on the day of conversion. And it's that date that we look to and determine what claims would be pre-petition claims. Was your conversion under one of the sections listed in B? Yes, ma'am. It was Chapter 13, Conversion. Well, I know, but there are a bunch of sections listed. Is yours among the sections? Judge, we converted from 11 to 13, and I – I understand that. And I'm looking right here. Under 111112, the Conversion Section, D, is where we converted, which was, upon the request of the debtor, the court enters an order granting the conversion from 11 – Well, that section isn't listed in B. Does that matter? It's in D, Your Honor. Oh, I'm sorry. No, that's – but that's the Conversion Section for 11th. Well, I know, but it isn't listed in 348B, as in Boyd. Does that matter to your point? We don't think it matters to the point, but I do see what the court is referring to. Counsel, this is Judge Baez. If the conversion is, as you stated, under Section 1112, that puts it squarely within Section 348D, as in David, which has the exception, which addresses in the language, other than a claim specified in Section 503B, as in Boyd, of this title. Doesn't that solve this case? Well, Judge Hollowell thought that 1305 actually took precedent because it was a specific statute enacted by Congress to deal with Chapter 13, but that, if you would, took priority over Section 348. But this is a statute that deals specifically with the conversion from one chapter to another chapter. Isn't that even more specific than whether Section 1305 deals with Chapter 13? I don't know that they might be in conflict, Judge, and that's what I think we're all heading to here, is that the question is, is 1305 – is it in conflict with 348? We find the language in 348D, particularly where it says, all purposes of such claims that have arisen immediately before the date of the filing of the petition, similar to the language of 1305 with the exception of the word immediately. So we think, for treatment purposes, they're identical, that all those pre-petition claims or post-conversion claims – excuse me, post-petition, pre-conversion claims – would be treated equally as pre-petition debts in the new bankruptcy. Mr. Sparks, that's Tolman again. Why should conversion from Chapter 11 to Chapter 13 be treated differently than conversion from Chapter 11 to Chapter 7? There are specific sections of the bankruptcy code, and, for instance, in most of the cases we've cited, you will note that the Chapter 11 cases that are converted to Chapter 13 require the claimants to file new proofs of claim. In Chapter 7, you don't have to file new proofs of claim. But isn't the whole purpose for the Chapter 11 – let me rephrase the question. Shouldn't the policy of the law be to encourage debtors or creditors, involuntary though they may be, like the Internal Revenue Service, help work with the debtors during the Chapter 11 pre-conversion period as the debtors struggle to reorganize the business in a way that will allow it to remain viable? But shouldn't the IRS be protected as if it were still an ongoing business outside of bankruptcy for purposes of collecting BUDA and FICA taxes? They are protected, Judge, and that's why I assume they have sought an administrative claim in the Chapter 11. And, of course, that's what both Wright and Serge discussed, was that they no longer maintain that status in the conversion. That's the same case as the Fickling case, Judge. That's exactly what the case in the Second Circuit said, was that you don't maintain your status as an administrative claimant in a Chapter 13 after the conversion. That's not exactly what it said. It said that when there is another specific section of the bankruptcy code that, for example, applies specifically to discharge, that the administrative claim would simply be treated in its ordinary course of priority for distribution, but couldn't change the effect of the specific discharge provision. Back to 348B, oh, look, 1305 is specifically referenced in there, Judge. And I don't think that's by accident. I think that... Specifically referenced where? It's in 348B. 1305, which Judge Hollowell thinks is the, and we think, statute that trumps 348A, does not actually... I don't understand what you're saying. You're saying 1305 is referenced in 348... Yes. Where? 348B, Your Honor. 1301A and... Yes, but your section of conversion isn't listed in B, so B just is irrelevant. If you're referring to the 1112, you're right, Your Honor, that's not in there. Yes. Protection we're talking about, though, I think is, and I hope I still remember the question, but the protection I think we're thinking about is that the IRS or any claimant has the same protection in the Chapter 13 that they have in the Chapter 11. Those... That can't be right, because it recharacterizes the nature of the debt and reduces the IRS not only to a lower priority, but it also eliminates entitlement to collect interest and penalty. No, actually it gives the IRS, if I may differ, Your Honor, it gives the IRS the choice. They can, under 1305, file that claim and decide to participate in the estate's assets, which are funded by future income in Chapter 13, or they can not participate and get the interest penalties and the full amount of the principal by going after the debtor directly after the case is over. That's the choice the IRS and any claimant get to make, but particularly the IRS. So I don't think they're harmed at all. In fact, some of the cases we've cited indicate that they get to pick whether or not they want to go after the bankruptcy estate, just like they would in Chapter 11, or whether or not they can wait and go after the debtors either after confirmation or after discharge of some of the claims. The same protections. All right. Mr. Smarks, unless there are other questions, would you like to save your remaining time for rebuttal? Yes, ma'am. Thank you. All right. Then now we'll hear from you, Mr. Stoll. Thank you, Your Honor. I'd like to start with the Fickling case, which the Court asked us to address. I think that Fickling really is not at all dispositive of this case. It deals with a very different issue regarding whether 348D is relevant with respect to the discharge provisions, the bankruptcy code. And this case involves an issue regarding 348D's role in determining priority of post-petition pre-conversion claims, and for that reason, I don't think it's really necessary to get into the issues about the conflicts that existed in Fickling, because this involves a very different issue. And I think it remains very clear law, as recognized by the Supreme Court and several other courts of appeals, that 348D is a provision that governs the question of priority in a case that's converted from Chapter 11, 12, or 13 to another section of the bankruptcy code. So you're saying 348D isn't David? Yes, D isn't David. And even in Fickling itself, the Court seems to acknowledge that 348D governs for purposes of determining priority of claims, even if it's not applicable in the discharge context that it was addressing there. And I think the Supreme Court's opinion in Nolan that we addressed in our brief, and the Fourth Circuit's opinion in the Merrick-Around Enterprises case discussed in our brief, were very clear that when there's an issue of priority in a case that's converted from one chapter to another, that 348D is a section that governs. And the one case that we were able to find that's directly on point, the Allen case, involved the conversion from Chapter 11 to 13, which is exactly what we have here. And in that case, the Court also held that Section 348D governed priority. And I note that in following up on the Fickling decision, they cite Collier's in the particular section of Collier's that is cited in the Second Circuit's opinion in Fickling, does talk about the dischargeability question and cites the bankruptcy court in Fickling itself as concluding that 348D is not intended to pertain to dischargeability, but Collier's is still very clear that it applies to the question we have here of priority. I think that this case doesn't present the same sort of conflict issues between two sections of bankruptcy code. Here, 348D on its face applies to certain sections, including conversion under Section 1112, which is the type of conversion we have here. Section 1112 deals with conversion from Chapter 11 to Chapter 13. And on its face, it expressly says it's intended to govern what happens next in the case of a conversion. Section 1305, on the other hand, on its face, purports to deal with claims filed against the debtor while the Chapter 13 case is pending. And it doesn't address at all what happens to pre-conversion administrative claims in a case that's converted from Chapter 11 to Chapter 13. Section 348 does that. And so I think that they can coexist without there being any conflict between them. And there's no reason to apply any principles of statutory construction because they coexist and can exist in harmony with each other without any need to get into which one applies because Section 348D is the one that spells out what happens in the case of pre-conversion administrative claims after the conversion to Chapter 13. Counsel, if I may interrupt you, wouldn't you say to Mr. Sparks' point that the IRS had a choice here whether to file in the estate of the debtor under Chapter 13 or await a discharge and go after the debtors individually? Well, I think that would apply if we had a Chapter 13 case in the first instance. If we were approaching this case from the outset with the IRS deciding what to do under a case initially filed under Chapter 13, that would indeed be the case. And that was a fact scenario of all the cases that Mr. Sparks cited in his brief supporting that argument. But I think in this case what the government did was not to file a new claim under Chapter 13 but to file an amendment to the claim that simply revised the claim to reflect updated interest and penalties that had accrued on the administrative expense. We cited a number of cases on page 46 of our brief that established that such amendments don't change the character of the claim. The whole purpose of it, the benefit that the government gets by it, is retaining administrative expense status under Section 348B would be lost if you couldn't update the claim and advise the court of how much interest had accrued. Because the primary difference between the administrative claim and the pre-petition claim is that the government is entitled to interest on its administrative claim. And if we can't provide that information to the court, that somewhat defeats the purpose. But I think that makes sense. And this case is very clearly established that when you have a pre-existing claim and you amend it to reflect updated interest, that that doesn't remove the administrative claim status. Thank you. With respect to Section 1305, I just did want to point out that Mr. Sparks had made a point about Section 1305A being mentioned in 348B. But as the court recognized, the relevant section here is 348D. And 348D just deals with what's defined as the order of relief. And the cross-reference in 1305 referring to order of relief is only dealing with consumer debts. And it just makes clear that 1305A deals with consumer debts that arise while the Chapter 13 case is pending. And I think that doesn't really have any bearing on this case for an administrative claim under the tax law. Are there any further questions from the court? No, from me. Judge Tallman, anything from you? Don't think so. All right, I think not. Thank you. Then we'll hear from Mr. Sparks in rebuttal. Thank you, Your Honor. First of all, this is not a case where the claims have been amended. I also want to go back, Judge, and correct myself. The 348B and 348D… Thank you, Mr. Sparks. How can you say that? I mean, there was a claim that was filed during the post-conversion process, was there not, for the FICA-FUTA taxes. How do you respond to Ms. Del Sol's argument that all the government did was simply update the claim with the additional interest and penalty? Judge, as I understand the history of the case, the IRS made an election after the case was converted to Chapter 13 by filing a claim. Well, made an election or updated a pre-existing claim? I guess it depends on how we characterize it, doesn't it? Well, they certainly made an election. They filed a motion in the bankruptcy court to have their claim allowed as an administrative expense. So, they certainly took some affirmative action under 1305A. But that claim was already being treated as an administrative expense during the pendency of the Chapter 11 proceeding, wasn't it? It only gets treated as an administrative expense upon confirmation.  You don't dispute that had the matter remained in Chapter 11, it would have been confirmed as an administrative expense. I don't doubt that if the plan had been confirmed in Chapter 11, that that claim would have been allowed administrative expense. All right. So, how does it change it to a new claim when all they're doing is increasing the amount by the statutory interest and penalty that run on the amount that's otherwise due and owing? Well, first of all, Judge, I think that 1305 precedes 348 in the sense that you then have an obligation in Chapter 13, as the case law says, and Wright and Scores and a bunch of others we've given you, says that you must file a new proof of claim in a Chapter 13 case. We have a new order for relief. We have a new far date, if you would, for claims. Unlike a 7, you have to go back on a 13 and file a new proof of claim. The cases we've cited say that, and I don't think that's a dispute. So, the issue is, Judge, they have to file a claim. Whether or not they choose to update that claim and file that claim against the estate, as opposed against the debtors, which is what they did here, is their choice. They're the ones that can select either to get paid out of the bankruptcy estate, knowing that it may get paid under 1305A without interest, or they can wait and go after the debtors for the full amount of their claim. They're not harmed at all. They get the election. Additionally, Your Honor, I wanted to correct something I said earlier. Under 348B, there is a reference to Section 1112, and 1305 is treated as a non-conversion statute with B. There isn't a reference to 1112D, though. Right, it just says strictly 1112, both in B and C and D. But the purpose, I think the significance of that is, it then sets a new order for relief, which is the date of conversion, which then starts the effect of the creditor having to file his proof of claim. Okay, any other questions? Judge Coleman? Judge Bea? No, thank you. All right, hearing none, counsel, we appreciate the argument and your assistance in this matter, and the matter just argued will be submitted.
judges: Rymer, Tallman, Bea